IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNTS OF CALVIN J. WHITE, EXECUTOR OF THE LAST WILL OF SARAH HOOVER, DECEASED.

(MARY F. EMERSON, APPELLANT.)

*Devise or bequest — when not specific — when the beneficiary is entitled to share under a residuary clause.*

An executrix, by her will, provided as follows: "First. After all my lawful debts are paid and discharged I give and bequeath to Mary F. Emerson, wife of B. K. Emerson, or her heirs, my house and lot in the village of Dundee, if I am possessed of one at my death; or, if I am not possessed of one, I order my executor, hereinafter named, to pay to the said Mary F. Emerson two thousand dollars."

After making sundry small money bequests the will further provided as follows: "I order that in case my estate exceeds the amount of the above bequest to each individual, then my executor must pay to the above persons the excess in the proportion as the amount of the bequests are to the whole amount, and in case my estate falls short, then each of the above bequests must share in the shortage

in the same proportion; in other words, the excess or shortage must share *pro rata* as the bequests are."

In this action, brought to obtain a construction of the will, it was

*Held,* that the gift to Mary F. Emerson was not a specific devise or bequest, and that she was entitled to share with the other beneficiaries in any moneys remaining undistributed after the payment of the particular legacies mentioned in the will.

APPEAL by Mary F. Emerson from the final decree of the surrogate of Yates county of April 19, 1889, adjudging, among other things, that she, as one of the beneficiaries under the will of Samuel Hoover, was not a general or residuary legatee, and hence was not entitled to share in the sum remaining in the hands of the executor undistributed.

*William H. Smith,* for the appellant.

*James Spicer* and *Charles S. Baker,* for the respondent.

MACOMBER, J.:

The first provision of Mrs. Hoover's will is as follows: "First. After all my lawful debts are paid and discharged, I give and bequeath to Mary F. Emerson, wife of B. K. Emerson, or her heirs, my house and lot in the village of Dundee, if I am possessed of one at my death, or if I am not possessed of one, I order my executor, hereinafter named, to pay to the said Mary F. Emerson $2,000, on condition that the said Mary F. Emerson pay a yearly or annual payment to my brother John Emerson of sixty dollars as long as he survives me; and the said Mary F. Emerson must, at the time of the payment of the $2,000 to her, or the conveyance of my house and lot to her, execute a bond of security to satisfy my executor that the sixty dollars will be paid annually to my brother John Emerson." After making sundry small money bequests and the appointment of the executor, the will continues: "I order that in case my estate exceeds the amounts of the above bequests to each individual, then my executor must pay to the above persons the excess in the proportion as the amounts of the bequests are to the whole amount, and in case my estate falls short, then each of the above bequests must share in the shortage in the same proportion. In other words, the excess or shortage must be shared *pro rata* as the bequests are."

If under these provisions of the will the appellant is to be deemed a residuary legatee, she is entitled to a proportionate share

·of the moneys now remaining in the hands of the executor, but if, on the other hand, the gift to her of a house and lot was a specific devise only, she is not entitled to receive anything more from the ·estate. The inquiry is, of course, from the beginning to the end of the case, what was the true intent of the testatrix in respect to these matters, as disclosed by the will itself.

It will be observed that the testatrix does not use words of gift aptly or in their technical sense. She says : " I give and *bequeath* to Mary F. Emerson, etc., my house and lot in the village of Dundee." Yet this failure to use technical language and using the word *bequeath* where she meant *devise* would be of very little import-ance if subsequent or other portions of the will made clear a contrary intent. But they do not. The gift of the house and lot to the appellant was not absolute. It was conditional upon the owner-ship and possession of the same by the testatrix at the time of her death, and this, too, not of any particular house and lot, but the house and lot, if any, of which she might be possessed at the time of her death. But the most important provision, and that which seems to be quite conclusive of the intention of the testatrix, is that in case ,she should not be possessed of such house and lot, the executor was required to pay to the appellant the sum of $2,000 on the condition above mentioned. The brother having died intermediate the execu tion of the will, and the questions here arising, the appellant, of course, was not required to execute the bond. Taking all these pro-visions together, there seems to be disclosed an intent on the part of the testatrix to give to the several beneficiaries the sums named, that is to say, in the proportion of the $2,000 to the appellant to the several sums mentioned for the other legatees.

This construction finds strong corroboration in the subsequent paragraph of the will above quoted, where all of the persons receiv-ing gifts from the deceased are mentioned, as a class, as " the above persons," who were to receive the excess in proportion as the ,amounts of the bequests severally were to the whole estate. There is nothing to show that the expression " the above persons" was ·designed to exclude anyone who had received, by previous pro-vision of the will, any benefit thereunder. The circumstance that in case the estate had fallen short of giving each one the sum men-·tioned in the will, there would have been difficulty in adjusting the

claim of the appellant can have very little weight where these words of unmistakable import are used. Had the testatrix left no real estate, no embarrassment would have ensued in the event of the estate falling short of paying these several sums. Had it become necessary to charge over any deficiency against this appellant, in the event of their being insufficient moneys to pay each of the legatees, an easy way could have been found in this court even if not in the Surrogate's Court.

Taking all the provisions of the will together, it seems to us to be the plain intent of the testatrix that the appellant should share with the other beneficiaries in any moneys remaining undistributed after the payment of the particular legacies. It follows, therefore, that the decree of the surrogate should be reversed, with costs of all parties to be paid out of the estate, and the case remitted to the surrogate of Yates county, with directions to proceed thereon in accordance with this opinion.

BARKER, P. J., and DWIGHT, J., concurred.

Decree reversed, with costs to both parties to be paid out of the fund. Proceedings remitted to surrogate of Yates county to proceed in accordance with directions contained in the opinion by MACOMBER, J.